**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN T. SAVERSON, ) | Case No. 17 cv _____ |
| ) | |
| Plaintiff ) | Judge |
| ) | Magistrate: Judge |
| V. ) | |
| ) | |
| THE NORTHEAST ILLINOIS REGIONAL COMMUTER ) | |
| RAILROAD CORPORATION d/b/a METRA, JAMES M. ) | |
| DERWINSKI, in his official capacity as METRA Chief ) | Jury Trial Demand |
| Mechanical Officer, ROGER PEDEN, in his official capacity as ) | |
| METRA Senior Recruiter, KEVIN NEIR, in his official ) | |
| capacity as METRA Senior Director of HR Operations, and ) | |
| ROBERTO SALDIVAR, in his official capacity as METRA ) | |
| Supervisor of Electrical Maintenance. ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

COMES NOW, KEVIN T. SAVERSON, the Plaintiff, by and through his undersigned counsel

and hereby files this Complaint for back pay and punitive damages against the above-named

Defendants, THE NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD

CORPORATION d/b/a METRA, JAMES M. DERWINSKI, in his official capacity as METRA

Chief Mechanical Officer, ROGER PEDEN, in his official capacity as METRA Senior Recruiter,

KEVIN NEIR, in his official capacity as METRA Senior Director of HR Operation and

ROBERTO  SALDIVAR, in his official capacity as METRA Supervisor of Electrical

Maintenance. Plaintiff alleges that Defendants have engaged in a pattern and practice of

employment discrimination against him under color of law based on his race and gender along

with retaliation against him for his engagement in federally protected activity in violation of the

1

Civil Rights Act of 1866, 42 U.S. C. § 1983, as amended (hereinafter "Section 1983") and Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq. ("Title VII").

## JURISDICTION AND VENUE

1. Plaintiff is alleging violations of his civil rights under the federal statutes of Title VII and

   Section 1983.

2. Jurisdiction is specifically conferred on this Court pursuant to 28 U.S.C. § 1331 and

   §1343.

3. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28

   U.S.C. § 1391(b) in that the employment practices alleged to be unlawful were

   committed within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 48 year old African-American male "A" card journeyman electrician who is

   currently employed by Defendant, METRA.

5. Defendant, Northeast Illinois Regional Commuter Railway d/b/a METRA, is a public

   corporation of the State of Illinois authorized by statute and created by Regional

   Transportation Authority ordinance in 1980.

6. METRA is a party to this matter solely for purposes of indemnification.

7. At all times relevant herein, Defendant JAMES M. DERWINSKI ("JIM DERWINSKI"),

   served in the appointed position of Metra Chief Mechanical Officer and acted under color

   of law. JIM DERWINSKI is sued in his official capacity as an Officer of METRA.

8.  Defendant ROGER PEDEN is sued in his official capacity as METRA Senior Recruiter.

    At all times relevant herein, Defendant ROGER PEDEN was a METRA Senior Recruiter

    and acted under color of law.

9.  Defendant KEVIN NEIR is sued in his official capacity as METRA Senior Director of

    HR Operations. At all times relevant herein, Defendant KEVIN NEIR was a METRA HR

    manager and acted under color of law.

10. DEFENDANT ROBERTO SALDIVAR is sued in his official capacity as METRA

    Supervisor of Electrical Maintenance. At all times relevant herein, Defendant ROBERTO

    SALDIVAR was a METRA Supervisor of Electrical Maintenance and acted under color

    of law.

## I.      NATURE OF THE CLAIM

11. Plaintiff, SAVERSON, seeks back pay and punitive damages based upon Defendants'

    deprivation of rights accorded to the Plaintiff under the laws of the United States and the

    State of Illinois resulting from acts and/or omissions of the named Defendants that

    constitute the following causes of actions: (a) racial discrimination (black); (b) gender

    discrimination (male); (c) disparate treatment, (d) negligent infliction of emotional harm,

    (e)  intentional infliction of emotional harm, and (f) a pattern and practice of employment

    discrimination against him in violation Section 1983 and discrimination in violation of

    Title VII.

12. Plaintiff filed Charge #440-2015-06013 with the Chicago office of the EEOC on August

    19, 2015 (See **Exhibit A**, attached hereto).

13. Plaintiff received his Right to Sue on June 14, 2017. (See **Exhibit B**, attached hereto.)

    The filing deadline is September 12, 2017.  This action is timely filed.

## II. FACTUAL ALLEGATIONS OF DISCRIMINATION
## BY PLAINTIFF

14. Plaintiff was hired by Metra on or about May 21, 2007 as an experienced, credentialed "A" card journeyman electrician in the Mechanical Department.

15.  Plaintiff was denied the opportunity for years to transfer into other departments offering higher pay, despite his experience, credentials and seniority relative to other candidates for these positions.

16. After repeated denials of transfers to other departments, such as Substation Electrical, Communications Maintenance and AC Electrical, and frequently without even being granted an interview for then posted positions, Plaintiff was informed by METRA HR in January, 2013 that Defendant DERWINSKI, the Chief Mechanical Officer, was refusing to release him for transfer to another department. (See **Exhibit C**, attached hereto.)

17. This was confirmed by Defendant DERWINSKI in a meeting of a group of about 20 Mechanical employees in 2014 who were inquiring about transfer declinations. Defendant admitted that the requests came to him for approval and that those that he chose were allowed to transfer.

18. Plaintiff challenged this process as being contrary to METRA policy and ethics stating that open positions were to be offered first to current, eligible employees before outside applicants were considered and the METRA policy of facilitating career advancement opportunities for its employees.

19. Plaintiff states that a number of the positions for which he was not approved or even interviewed went to outside hires who were white or Hispanic and had less or no electrical experience. Many of these successful applicants were trained on the job and/or took evening classes at the IBEW-NECA Joint Electrical Training and Trust Apprenticeship Program in Alsip, Illinois to obtain the requisite ability to perform the job, whereas he already had advanced skills.

20. Contrary to representations of Brittany Waters, METRA Labor Relations Specialist, Plaintiff did not participate in the METRA IBEW – Mechanical Department apprenticeship training program. He had already completed his apprenticeship training through the IBEW Alsip program between 1995 and 2000. Plaintiff was an "A" card journeyman before being hired by METRA in 2007. (See **Exhibit F**, attached hereto.)

21. Plaintiff registered his complaints with HR (Defendants NEIR and PEDEN), METRA EEO (Countess Cary) and the IBEW electricians' union. (See also **Exhibit C**, attached hereto.)

22. Plaintiff believed he was given the runaround, misled and even lied to in conversations with Defendants PEDEN, the METRA Senior Recruiter, and NEIR, HR Senior Director of Operations, responsible for reviewing resumes of applicants for the various positions and working with the hiring departments for which Plaintiff sought a transfer. (See **Exhibit C**, attached hereto.)

23. Plaintiff states that METRA policy allows for position applications and supporting documentation to either be forwarded in hard copy to HR where they are date-stamped and processed or submitted online. Defendant PEDEN instructed Plaintiff to submit the

hard copy but Defendant NEIR had the hard copy submissions returned requiring an online submission. (See **Exhibit C**, attached hereto.)

24. Frank Cunningham, General Chairman, International Brotherhood of Electrical Workers, Local No. 134 attempted to advocate on behalf of Plaintiff with METRA Labor Relations and Defendant DERWINSKI. (See **Exhibit D**, attached hereto.)

25. METRA Labor Relations and Defendant DERWINSKI refuted the union's claims that the transfer denials were inappropriate and against METRA policies and the Collective Bargaining Agreement relative to the electricians. (See **Exhibits E and F**, attached hereto.)

26. Plaintiff indicates that certain favored employees, all white or Hispanic, were not only allowed to transfer, but to maintain their positions of seniority in both their prior and current positions, contrary to the representations of Brittany Waters, METRA Labor Relations Specialist. (See **Exhibit E**, attached hereto.)

27. When Plaintiff approached Defendant SALDIVAR for an explanation of his denial of an interview in the AC Electrical Department, for which Defendant SALDIVAR was responsible for interviewing applicants, he was given an evasive response, indicating there were more suitable candidate than Plaintiff, but not specifying what Plaintiff's deficiencies were.

28. After filing a grievance with the union over the years of denials of job transfers, Plaintiff was eventually allowed to transfer to the AC Electrical Department on April 17, 2017.

29. As a result of the series of failed transfer attempts over four (4) years, Plaintiff lost salary increases and seniority in the desired positions. He lags significantly behind in pay and seniority from less experienced and credentialed METRA electricians.

30. Plaintiff also serves as Steward/Local Chairman for the International Brotherhood of Electrical Workers (IBEW) Local 134 at METRA and has had to advocate for similarly situated African-American and other electricians at METRA. He has seen a pattern of discriminatory action directed against African-American electricians and believes that his advocacy on their behalf as well as on behalf of other unjustly treated electricians has been a retaliatory factor in his past transfer denials.

### III. CLAIMS FOR RELIEF

### COUNT I

### RACIAL AND GENDER DISCRIMINATION/ HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31. Plaintiff adopts by reference and incorporates paragraphs 11 through 30 as if fully set forth herein.

32. That as an employer within the meaning of Title VII, the Defendant METRA owed at all times a duty to Plaintiff not to harass and/or discriminate against him with respect to employment or other conditions or privileges of employment due to his race or gender.

33. Plaintiff is an African-American man and is a member of two protected classes entitled to that protection afforded by Title VII.

34. At all times pertinent hereto, Plaintiff was an excellent and dedicated employee, as consistently evidenced by his exemplary performance reviews, highly proficient and in all respects acted in the best interests of his employer.

35. That the race and gender of the Plaintiff was not a term, requirement or condition of employment with Defendant, and Plaintiff's race and gender did not in any way

affect his job performance.

36. That during Plaintiff's tenure of employment, he was victimized by each of the
    Defendants and/or its agents and employees in the following manner:

    a. Subjected to harassment due to race and gender, which was condoned by each of
       the Defendants and

    b. Subjected to a racially harassing and hostile employment environment.

37. That all of the aforesaid conduct was made known to and complained of to supervisory
    personnel of the Defendants herein by the Plaintiff.

38. That, despite said complaints, such conduct continued unfettered and no effort was made
    by management or agents of each of the Defendants, to curtail or otherwise curb and
    prevent such discriminatory conduct.

39. The conduct by each of the Defendant METRA's employees had the purpose and/or
    effect of substantially interfering with the Plaintiff's employment and/or creating a
    hostile and offensive employment environment.

40. Defendants had both actual and constructive notice that its employees were creating a
    hostile and offensive work environment for the Plaintiff.

41. Despite having notice of the conduct of its employees and supervisory personnel toward
    the Plaintiff and other minorities, Defendants failed to take any remedial action until very
    recently in April, 2017.

42. On January 10, 2017 the EEOC issued The Proposed Enforcement Guidance on Unlawful
    Harassment, which makes it clear that employers have an affirmative duty to respond to
    conduct that does not constitute actionable conduct in order to prevent further escalation
    that could lead to a cognizable legal claim.

43. The conduct as set forth above by each of the Defendants' employees and their failure to take remedial action for years violates Title VII.

44. As Plaintiff relayed to the EEOC in his Charge, he perceived that, as an African-American male bringing complaints about the misconduct of Defendants he was being ignored by METRA.

45. Defendants have not articulated any legitimate business reason to ignore Plaintiff's complaints about their historic failure to reasonably process Plaintiff's transfer requests.

## COUNT II

## RACIAL DISCRIMINATION/HARASSMENT IN VIOLATION

## OF 42 U.S.C. SECTION 1983

42 U.S. C. § 1983, as amended, prohibits the deprivation of constitutionally guaranteed rights, including, but not limited to, prohibitions against employment discrimination and interference with contracts and relationships, by governmental entities "under color of law". Defendants have discriminated against Plaintiff under color of law.

46. Plaintiff adopts by reference and incorporates paragraphs 11 through 30 as if fully set forth herein.

47. That as an employer within the meaning of 42 U.S.C. Section 1983, the Defendant METRA owed at all times a duty to Plaintiff not to harass and/or discriminate against him with respect to employment or other conditions or privileges of employment due to his race or gender.

48. Plaintiff is an African-American man and is a member of two protected classes entitled to that protection afforded by Section 1983.

49. At all times pertinent hereto, Plaintiff was an excellent and dedicated employee, as consistently evidenced by his exemplary performance reviews, highly proficient and in all respects acted in the best interests of his employer.

50. That the race and gender of the Plaintiff was not a term, requirement or condition of employment with Defendant, and Plaintiff's race and gender did not in any way affect his job performance.

51. That during Plaintiff's tenure of employment, he was victimized by each of the Defendants and/or its agents and employees in the following manner:

      (a) Subjected to harassment by due to race and gender, which was condoned by each of the Defendants and

      (b) Subjected to a racially harassing and hostile employment environment. That all of the aforesaid conduct was made known to and complained of to supervisory personnel of the Defendants herein by the Plaintiff.

      (c) That, despite said complaints, such conduct continued unfettered and no effort was made by management or agents of each of the Defendants, to curtail or otherwise curb and prevent such discriminatory conduct until recently in April, 2017.

      (d) The conduct by each of the Defendant METRA's employees had the purpose and/or effect of substantially interfering with the Plaintiff's employment and/or creating a hostile and offensive employment environment.

(e) Defendants had both actual and constructive notice that its employees were creating a hostile and offensive work environment for the Plaintiff.

(f) Despite having notice of the conduct of its employees and supervisory personnel toward the Plaintiff and other minorities, Defendants failed to take any remedial action until recently in April, 2017.

(g) The conduct as set forth above by each of the Defendants' employees and their failure to take remedial action for years violates Section 1983.

## COUNT III

### RETALIATION IN VIOLATION OF TITLE VII AND SECTION 1983

52. Plaintiff adopts by reference and incorporates paragraphs 11 through 30 as if fully set forth herein.

53. Plaintiff alleges retaliation by Defendants as a result of his activities to secure his federally protected rights.

54. Plaintiff's frequent calls and complaints about Defendant's refusal to grant interviews and transfers hardened their position to harass him by continuing to deny them.

55. Plaintiff's advocacy for African-American and other electricians through his union activities also formed a basis for this harassment.

**PRAYER FOR RELIEF**

56. As a result of Defendants' illegal acts, Plaintiff was deprived of his right to be free from racial discrimination in the workplace.

57. Plaintiff was seriously harmed, emotionally and financially, by Defendants' racially discriminatory behavior directed towards him.

58. The employment practices complained of above were intentional, malicious and performed under "color of law" by individuals in positions of power and authority in a governmental entity in violation of 42 U.S. C. § 1983, as amended.

59. In light of Defendants' reckless disregard and deliberate practice of discriminating against Plaintiff, punitive damages are appropriate and should be awarded to punish Defendants' behavior and deter future misconduct.

WHEREFOR, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendants as follows:

a. Declares that the treatment of Plaintiff by Defendants violated Title VII of the Civil Rights Act of 1964, as amended;

b. Declares that the acts, conduct, policies and practices of Defendants as applied to Plaintiff violated 42 U.S.C. § 1983, as amended;

c.  Direct Defendants to make Plaintiff whole by providing appropriate earnings, benefits, and lost wages caused by Defendants' malicious and illegal behavior;

d.  Award Plaintiff compensatory and punitive damages against the Defendants;

e.  Award Plaintiff reasonable attorney's fees and costs, as provided by law; and

f.  Award Plaintiff such other equitable, injunctive and any other relief that the Court deems just and equitable to end the discrimination, fairly compensate Plaintiff and deter future discriminatory acts.

## **JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all counts and claims raised by this Complaint.

Respectfully submitted,

September 12, 2017

 **/s/ Jill M. Willis**

Attorney for Plaintiff

Jill M. Willis, Esq.
ARDC#6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com

13

# EXHIBITS

Case: 1:17-cv-06591 Document #: 1 Filed: 09/12/17 Page 14 of 15 PageID #:14

## CERTIFICATE OF SERVICE

The undersigned Jill M. Willis certifies that on September 12, 2017, she caused to be served a copy of the foregoing

**Plaintiff's Complaint**, in the above-captioned matter, to be filed with the Clerk of the United States District Court

for the Northern District of Illinois and served on the parties of record, by personal service on September 12, 2017 a

copy of the **Notice of Lawsuit and Request to Waive Service of Summons,** the **Waiver of Summons** and the

**Complaint**, in the above-captioned matter addressed to:

`

METRA
Chief Executive Officer
547 West Jackson Blvd.
Chicago, Illinois 60661

**/s/ Jill M. Willis**

**Attorney for Plaintiff**

Jill M. Willis, Esq.
ARDC #6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com