**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN T. SAVERSON, | ) | |
|             Plaintiff, | ) | |
| | ) | |
|    v. | ) | NO.:    17 C 006591 |
| | ) | |
| THE NORTHEAST ILLINOIS REGIONAL | ) | Judge Sharon Johnson Coleman |
| COMMUTER RAILROAD CORPORATION d/b/a, | ) | |
| METRA, JAMES M. DERWINSKI, in his individual and | ) | Magistrate Judge Michael Mason |
| official capacity as METRA Chief Mechanical Officer, | ) | |
| ROGER PEDEN, in his individual and official capacity | ) | |
| as METRA Senior Recruiter, KEVIN NEIR, in his | ) | |
| individual and official capacity as METRA Senior | ) | |
| Director of HR Operations, and ROBERTO SALDIVAR | ) | |
| in his individual and official capacity as METRA | ) | |
| Supervisor of Electrical Maintenance. | ) | |
|             Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COME the Defendants, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA ("Metra"), a municipal corporation ("Defendants"), and JAMES DERWINSKI, ("Derwinski"), ROGER PEDEN, ("Peden") KEVIN NEIR, ("Neir") and ROBERTO SALDIVAR, ("Salvidar") by and through their counsel of record, Julie A. Daily, and move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), stating:

### Introduction

Plaintiff has filed a three count amended complaint ("Amended Complaint" Dkt.18), alleging causes of action under Title VII of the Civil Rights Act of 1964 (Count I, "Title VII") Racial Discrimination/Harassment in Violation of 42 U.S.C.§1983 (Count II, "§1983") and Retaliation in Violation of Title VII and Section 1983 (Count III, "Retaliation"). Plaintiff makes

claims for race and gender discrimination, disparate treatment, a pattern and practice of discrimination as well as claims of negligent and intentional infliction of emotional harm against Metra and four individual Metra employees in their individual and official capacities. (Amended Complaint ¶¶ 7-11). Defendants now seek dismissal under Federal Rule of Civil Procedure 12(b)(6) of the Amended Complaint based on plaintiff's failure to state claims upon which relief can be granted.

The complaint contains insufficient facts to state plausible claims for race and gender discrimination or retaliation under Title VII or Section 1983. Plaintiff's claims are premised on boilerplate, conclusory language, which do not put defendants on notice of the subject matters at issue. Additionally, Plaintiff's claims for retaliation and harassment are time barred or outside the scope of his EEOC charge. Title VII claims are also not cognizable against the four individual defendants. With respect to plaintiff's Section 1983 claims, plaintiff has not identified the constitutional violations or facts which support his claims against the individual defendants. The complaint also does not sufficiently allege the personal involvement of each of the four individual defendants to hold them liable under Section 1983.

The Amended Complaint is also deficient as to its Section 1983 claims against Metra. Plaintiff fails to allege any direct causal link between any Metra policy or custom and any alleged constitutional violation. Further as to the claims against the individual defendants in their "official capacities," those claims are in essence against the government entity ("Metra") and should be dismissed on the same grounds as for Metra. Finally, plaintiff's claims to the extent they arise under the terms of the collective bargaining agreement between plaintiff and Metra, are barred as pre-empted by the Railway Labor Act.

## Rule 12(b)(6) Standard

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts that, when accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). A pleading that offers nothing more than "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). The complaint still needs to set forth enough factual specificity to causally connect Plaintiff's claim to his alleged injury. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).

**I. PLAINTIFF TITLE VII CLAIMS SHOULD BE DISMISSED**

**A. The Amended Complaint Fails to Allege Sufficient Fact to State claims for Race or Gender Discrimination.**

To state a claim for race and gender discrimination under Title VII of the Civil Rights Act of 1964, a Plaintiff must plead facts to show that (1) he is a member of the protected class, (2) that he performed his job satisfactorily, (3) that he suffered an adverse employment action; and (4) that those outside of his protected class were treated more favorably than him. *Payne v. Milwuakee Cty.*, 146 F.3d 430, 434 (7th Cir. 1998), see also *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 326 (7th Cir. 2002). Similarly, to state a claim for race or gender discrimination under 42 U.S.C §1983, plaintiff must plead facts to plausibly suggest that he suffered disparate treatment based on his race or gender in violation of his constitutional rights. *See, Williams v. Seniff*, 342 F.3d 774, 787-788 (7th Cir. 2003).

Plaintiff fails to plead a factual basis for the alleged claims under Title VII (or Section 1983) based on race or gender. He alleges that his repeated requests for transfers for higher paying positions were denied on unspecified dates. (Amended Complaint, ¶ 17). Plaintiff admits that Metra also declined transfer requests of other mechanical employees. (Amended Complaint, ¶ 18). He alleges, however, that the positions he applied for were offered instead to "outside hires," one of whom was a woman, another, a Hispanic man and two white males. (Amended Complaint, ¶¶ 25, 26). Plaintiff further alleges these transfer denials were contrary to Metra's "ethics" and unspecified "policies." Plaintiff also claims that in one incident he as "lied to" and that in another incident he was not given the necessary papers to apply. (Amended Complaint, ¶¶17, 29). In yet another undated incident, plaintiff claims he was given only an "evasive" response to his inquiry about why his application was denied. (Amended Complaint, ¶36). Plaintiff admits that his application to transfer was eventually allowed in April 2017. (Amended Complaint, ¶37).

These allegations of plaintiff's previous unsuccessful attempts to transfer to positions within Metra do not plausibly set forth any claim that these denials were based on his race or gender. Plaintiff alleges no facts to connect the incidents he alleges to any other facts to indicate that his unsuccessful promotions were motivated by race or gender. Plaintiff fails to cite to any relevant comparators beyond his own conclusory allegation that other employees of the Defendant were treated more favorably than him. At best, the Amended Complaint strings together a loose set of circumstances and conduct from which plaintiff concludes that that his race and gender were the basis for the refusals of his promotion requests. Plaintiff' conclusory and threadbare recitals of the elements of a cause of action in conjunction with these allegations, without more, are not sufficient to defeat a motion to dismiss. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), *citing*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). Plaintiff has not alleged

sufficient facts to fails to state claims for race and gender discrimination. Consequently, those claims made under Title VII, as well as similar claim made under Section 1983, must be dismissed.

### B. Plaintiff's racial harassment claims are outside the scope of the EEO charge of discrimination.

Plaintiff's claims of racial harassment are barred because they exceed the scope of the EEOC discrimination charge. There are a number of prerequisites to the successful maintenance of a claim under Title VII. *See* 42 U.S.C. § 2000e-5. First, the party must file a charge with the EEOC within the period of time allotted by the statute. Second, the Commission must issue a right to sue letter. *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir. 1992). The scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC. *Id*. A plaintiff may only bring claims that are originally included in the EEOC charge or are "reasonably related to the allegations of the EEOC charge and growing out of such allegations." *Lugo v. Int'l Bhd. of Elec. Workers Local #134*, 175 F. Supp. 3d 1026, 1034 (N.D. Ill. 2016) citing *Moore v. Vital Prods., Inc.,* 641 F.3d 253, 256–57 (7th Cir.2011). To be "like or reasonably related" to the allegations in the EEOC charge, the relevant claim " 'must, at minimum, describe the same conduct and implicate the same individuals.' " *Id.* at 1034 quoting *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 501 (7th Cir.1994). An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination. *Rush* at 1110.

In his "Charge of Discrimination" (Amended Complaint, Exhibit. A), Plaintiff makes no mention of harassment on account of his race. He states merely that he applied for "several positions" with respondent, Metra, but has been denied transfers while White employees were granted transfers. Exhibit A to the Amended Complaint contains no allegations of racial or gender harassment. The Title VII claims based on harassment must therefore be dismissed. See *Smith v.*

5

*Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1005 (N.D. Ill. 2012) (Racial harassment claim was beyond the scope of the plaintiff's charge where plaintiff included a specific race discrimination claim in her charge but failed to include any reference to racial harassment).

### C. Plaintiff fails to state a cause of action for harassment

Assuming that Plaintiff's allegations of harassment fall within the scope of his EEOC charge of discrimination, plaintiff has failed to provide any factual basis to support allegations of harassment or hostile work environment. The Supreme Court has recognized that hostile environment harassment claims are cognizable under Title VII for discrimination on the basis of race, ethnicity, and gender. *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65–66 (1986). The court has identified a six step approach analyzing racial harassment claims under Title VII: (1) the employee belongs to a protected group; (2) the employee was subject to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition or privilege of employment; (5) Plaintiff must be able to prove that the employer knew or should have known of the harassment and failed to take prompt remedial action; and (6) the employee acted reasonably under the circumstances. *Daniels v. Essex Grp., Inc.*, 937 F.2d 1264, 1270–71 (7th Cir. 1991).

None of the allegations in the Amended Complaint suggest that plaintiff was subjected to any kind of harassment based on his race or gender. Plaintiff fails to identify the type of conduct and who allegedly performed the conduct that rose the level of "harassment." Additionally, the complaint provides insufficient allegations that any management decision maker played a role in the harassment, or that plaintiff's managers were made aware of the harassment and failed to act or take prompt remedial action. Therefore, any claims of racial harassment must be dismissed.

### D. The Complaint fails to Sufficiently Allege a Retaliation Claim.

The Amended Complaint similarly fails with respect to Plaintiff's claims of unlawful retaliation. While the court must accept the well-pleaded facts in the Amended Complaint as true, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumptive truth. *McCauley. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). To state a claim for retaliation, plaintiff must allege that he suffered a material adverse employment act *because of* his protected activity. See *University of Texas Southwestern Med. Center v. Nassar*, 133 S. Ct. 2517, 2534 (2013) (holding that "because" means "but for" causation for retaliation claims); *See*, *Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012)(There must be a causal connection between the alleged violation and the materially adverse action).

The allegations pertaining to retaliation (Amended Complaint ¶ 39) state that plaintiff was a union steward and that he "had to advocate" for "similarly situated African Americans and other electricians at Metra" including Timothy Tyler. Tyler also allegedly filed an EEOC complaint on an unspecified date against Metra. Based on this sole allegation, plaintiff alleges the unsupported conclusion that he "has seen" a "pattern of discriminatory action directed against African American electricians" and "believes" his advocacy was a "retaliatory factor" in his past transfer denials. (Amended Complaint ¶ 40). As with plaintiff's allegations in support of harassment, the allegations in support of the retaliation claim do not rise to a level to plausibly suggest that the alleged transfer denials were in any way caused by or related to plaintiff's unspecified advocacy. The retaliation claims should also therefore be dismissed.

### E. Plaintiff's Title VII Claims of Discrimination Based Occurring prior to October 23, 2014 Are Barred by the Applicable Statute of Limitations.

Any claims brought under Title VII require that a charge be filed within 300 days of an unlawful employment practice. 42 U.S.C. §2000e-5(e)(1); *Tinner v. United Ins. Co. of Am.* 308

F.3d 697, 707 (7th Cir. 2002). Plaintiff filed his charge on August 19, 2015. Thus, any allegations of events which occurred prior to October 23, 2014 are barred for any Title VII claims made in the Amended Complaint. Not only does the Amended Complaint refer to events that occurred well outside the statute of limitations for Title VII claims, but the complaint also fails to adequately identify dates of events to put Defendants on notice of the claims. The Amended Complaint is devoid of any specific dates as to the Defendant's alleged unlawful employment action against Plaintiff with the exception of an alleged incident in January 2013 which was allegedly "confirmed" in 2014. (Amended Complaint ¶¶ 17, 18).

As to that occurrence, plaintiff claims he was informed by an unnamed person sometime in 2013 (outside the 300 day window) that Defendant Derwinski, refused to release him (and others) for transfer to another department. This allegation does not adequately provide notice to Defendants of the nature of plaintiff's claims of race or gender discrimination. Additionally, the Amended Complaint does not show how these events even arise to the level of unlawful employment actions. At most, the allegation indicates that plaintiff was denied a promotion for reasons which do not suggest the role of race or gender. The claim should be dismissed.

**F. The Title VII claims against individually named defendants are not cognizable.**

Title VII authorizes suit only against the employer as an entity rather than against individuals who are agents of the employer. *Passananti v. Cook Cty.*, 689 F.3d. 655, 677 (7th Cir. 2012) citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *Lugo v. Int'l Bhd. of Elec. Workers Local #134*, 175 F. Supp. 3d 1026, 1033 (N.D. Ill. 2016). Title VII does not provide for individual liability. *Lugo,* 175 F.Supp.3d at 1033. Any claims under Title VII against the four individual defendants, Derwinski, Peden, Neir and Salvidar, are not actionable and should be dismissed with prejudice.

8

## II. PLAINTIFF'S FAILS TO STATE CLAIMS UNDER §1983

### A. Plaintiff Fails to State Claims against the Individual Defendants.

A claim brought under §1983 must allege the deprivation of a specific right under the Constitution or federal law. *Odogba v. Wisconsin Dept. of Justice*, 22 F.Supp.3d 895, 907 (7th Cir. 2014). Section 1983 does not create any substantive rights; it merely provides remedies for deprivations of rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 2432 (1985). Although the Amended Complaint makes claims against four individual defendants in their "official and individual" capacities, it does not identify what constitutional or statutory rights are issue or were violated. The Amended Complaint purports to only claim "violations" of Section 1983 (See Counts II and III). Without identification of a violation of any specific constitutional right, Plaintiff's §1983 claims must fail as to all the Defendants including Metra.

Moreover, the plaintiff does not sufficiently allege any personal involvement by any of the four individual defendants in violating plaintiff's rights or through their roles in the alleged adverse employment actions. Section 1983 claims against individuals must be based on personal involvement. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012), *Brown v.* Dart, 2017 WL 321217 (N.D.Ill 2017). Plaintiff alleges that the Defendant Derwinski made transfer decisions which excluded plaintiff and others and, on a separate occasion, responded to Plaintiff's labor grievance. (Amended Complaint ¶¶ 17-18, 32-33). The Amended Complaint further alleges that plaintiff "believes" Peden lied and gave plaintiff the "runaround" and that Pedena and Neir "likely" followed Derwinski's "directives" with respect to "processing applicants for interviews and transfers." (Amended Complaint ¶¶ 29, 30). Plaintiff alleges that Salvidar gave 'evasive' responses as to why Plaintiff was denied an interview in one instance except to say that other

candidates were more suitable. (Amended Complaint ¶36). None of these allegations are sufficient to hold any of these four defendants personally liable for denying Plaintiff an unspecified constitutional under Section 1983. Additionally, the same arguments raised above as to the inadequacy plaintiff's Title VII race and gender discrimination apply equally to the complaint's Section 1983 allegations.

Plaintiff also brings §1983 claims against individually named Metra employees in their "official capacities." Claims based on "official capacity" are in essence claims against the government entity. *Tom Beu Xiong v. Fischer*, 787 F.3d 389 (7th Cir. 2015). Plaintiff's allegations fails to allege any facts to support claims against these individuals as final policymakers for Metra. Thus, the official capacity claims against the four individually named defendants should be dismissed.

**B.     The Amended Complaint fails to allege a Section 1983 Claim against Metra.**

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be held liable under 42 U.S.C. § 1983 only when the constitutional deprivation is caused by the municipality's own conduct. *Id*. at 694. A *Monell* claim is directed at the municipality itself, alleging that a policy, practice, or custom was the "moving force" behind plaintiff's constitutional depravation. *Bd. of Cnty. Comm'ns v. Brown*, 520 U.S. 397, 400 (1997). A municipality cannot be held liable based on a theory of *respondeat superior* but rather con be held liable only when the constitutional deprivation is caused by the municipality's own conduct.

In order to establish municipal liability, plaintiff must establish that the injuries alleged were caused by an express municipal policy, a person with final policymaking authority, or common municipal practice so widespread and well-settled that it constitutes a custom or usage with the force of law. *Lawrence v. Kenosha County*, 391 F.3d 837, 844 (7th Cir. 2002). A *Monell*

claim is directed at the municipality itself, alleging that a policy, practice, or custom was the moving force behind plaintiff suffering a constitutional deprivation. *See*, *Waters v.* Chicago, 580 F.3d 575, 580-581 (7th Cir. 2009). It is well settled that to state a *Monell* claim post-*Iqbal*, the plaintiff must plead factual content allowing the court to draw the reasonable inference that the municipality maintains the problematic policy or practice in question. *McAuley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011). For purposes of determining §1983 liability under *Monell,* Defendant Northeast Illinois Regional Commuter Rail Corporation d/b/a "Metra" is a local public entity under Illinois law. *Maldonado v. Metra*, 734 F.Supp.563 (N.D .Ill.1990) (Norgle J.), *DeReal v. Northeast Illinois Regional R.R. Corp*., 404 Ill.App.3d 65, 934 N.E.2d 574 (1st Dist.2010).

The Amended Complaint here contains no substantial allegations to hold Metra liable under Section 1983. Plaintiff's complaint fails to identify any official policy or custom which caused plaintiff's alleged injuries. The only policy to which Plaintiff alludes to is a policy "that open positions were to be offered first to current, eligible employees before outside applicants were considered." However, Plaintiff fails to provide any factual support that such a policy existed or how this policy or custom caused plaintiff's alleged injuries. Although paragraphs 11 and 40 of the Amended Complaint state that plaintiff is suing Metra based on "patterns" and a "practice" of discriminatory acts, these conclusions do not even arise to a statement of the required elements of the claim, let alone any facts to suggest that a viable Section 1983 exists. In short, plaintiff has not pled any facts to support a Section 1983 claim against Metra. That claim should therefore be dismissed.

### C. The §1983 Claims are Barred by the Applicable Statute of Limitations.

In order to determine the statute of limitations for §1983 action, the federal court must adopt the forum state's statute of limitations applicable to personal injury claims. *Ashafa v. City of*

11

*Chicago*, 146 F.3d 459 (7th Cir. 1998), citing *Owens v. Okure*, 488 U.S. 235 (1989). The appropriate statute of limitations for §1983 cases filed in Illinois is two (2) years. *Id.* Plaintiff filed his complaint on September 12, 2017. Therefore, any allegations of regarding events which occurred prior to September 12, 2015, including the allegations against Derwinksi regarding the 2013-2014 incidents, (Amended Complaint ¶¶ 17, 18) are barred by the statute of limitations.

### III. PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES AGAINST A GOVERNMENTAL ENTITY

A plaintiff cannot recover punitive damages against a governmental agency. 42 U.S.C. 1981a(b)(1); 42 U.S.C. 42 U.S.C. § 1983; *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981). Thus, Plaintiff's claim for punitive damages alleged in the prayer for relief as to Metra must be stricken.

### IV. PLAINTIFF'S CLAIMS ARE PRE-EMPTED BY RAILWAY LABOR ACT

Any of Plaintiff's claims that implicate the collective bargaining agreement are preempted by the Railway Labor Act ("RLA"). 42 U.S.C. §151; 45 U.S.C. §153. The RLA governs the each of the separate and distinct Collective Bargaining Agreement ("CBA") between the International Brotherhood of Electrical Workers – Mechanical Department (plaintiff's former union) and International Brotherhood of Electrical Workers – Electrical Department (Plaintiff's current union) and Metra. 45 U.S.C. §§ 151 *et seq*. The RLA requires arbitration as the exclusive forum for resolving disputes involving "interpretation or application" of collective bargaining agreements, also referred to as minor disputes. 45 U.S.C. § 153 First (i). *Hawaiian Airlines v. Norris*, 512 U.S. 246, 251 (1994); 45 U.S.C. § 151a; *Brown v. Illinois Central Railroad,* 254 F.3d 654, 658 (7th Cir. 2001) (citing *Monroe v. Missouri Pacific R.R. Co.,* 115 F.3d 514, 519 (7th Cir. 1997), and *Coker v. Trans World Airlines, Inc.,* 165 F.3d 579, 583 (7th Cir.1999) (stating that "[t]he distinguishing

feature of a minor dispute is that the dispute can be conclusively resolved by interpreting the existing CBA").

The RLA precludes claims brought pursuant to various federal civil rights statutes, including Title VII and §1983, if the claim is inextricably tied to the interpretation of a collective bargaining agreement, as is the claim for relief sought by Plaintiff in the instant case. *Caldwell v. Norfolk Southern Corp.,* No. 96-443P, 1998 WL 1978291, at *5 (W.D.N.C. March 3, 1998) (Title VII race discrimination claim precluded); and *Everette v. Union Pacific R.R.,* No. 04-5428, 2006 WL 2587927, at *4 (N.D.Ill. Sept. 5, 2006) (Title VII and § 1981 claims precluded). To the extent Plaintiff's claims involve disputes over the interpretation of a collective bargaining agreement in such matters as "transfers" between different unions, pay, seniority, and/or benefits, Plaintiff's claims are pre-empted by the RLA and must be dismissed.

V. **STATE CLAMS OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff states in a one line reference under the heading "Nature of the Claim" (Amended Complaint ¶ 11) to alleged state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress Aside from these allegations, the Complaint provides no facts or separate counts regarding these claims. Therefore, the purported claims for negligent and intentional infliction of emotional distress should be stricken and dismissed.

WHEREFORE, Defendants, JAMES DERWINSKI, ROGER PEDEN, KEVIN NEIR, ROBERTO SALDIVAR, and NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA respectfully requests that this Honorable Court enter an Order granting its motion to dismiss and for any other relief that this Court deems appropriate.

Respectfully submitted,

**Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra**

By: /s/ *Julie A. Daily*
Julie A. Daily

November 22, 2017

Julie A. Daily
A.R.D.C. #6313126
**Metra Law Department**
547 West Jackson Boulevard, 15th Floor
Chicago, Illinois 60661
312.322.6542
Email: jdaily@metrarr.com