# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN T. SAVERSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 17-cv-6591 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| THE NORTHEAST ILLINOIS RAILROAD COMMUTER RAILROAD CORPORATION d/b/a METRA; JAMES M. DERWINSKI, in his individual and official capacity as METRA Chief Mechanical Officer; ROGER PEDEN, in his individual and official capacity as METRA Senior Recruiter; KEVIN NEIR, in his individual and official capacity as Director HR Operations and HR Operation; and ROBERTO SALDIVAR, in his individual and official capacity as METRA Supervisor of Electrical Maintenance, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The defendants' motion to dismiss [25] is granted.

## STATEMENT

The plaintiff, Kevin Saverson, brought this action against Metra and a number of Metra officials alleging that the defendants improperly denied him transfers based on his race and gender in violation of VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, engaged in racial discrimination and harassment in violation of 42 U.S.C. § 1983, and retaliated against him in violation of Title VII and Section 1983. The defendants filed a detailed, multipart motion to dismiss challenging the adequacy of Saverson's allegations, arguing that his harassment claims were outside the scope of his EEOC complaint, asserting that specific incidents of discrimination fell outside the applicable statutes of limitations, and arguing that his claims are preempted by federal statute.

1

Saverson, in response, filed a six page brief, the majority of which is dedicated to alleging additional facts regarding coworkers who Saverson asserts received preferential treatment based on their race or gender. The Court, however, cannot consider these additional allegations, because on a motion to dismiss the Court may only consider allegations contained in the plaintiff's pleadings. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Saverson's brief is devoid of any legal citations outside of its statement of the plaintiff's claims. It also fails to reference the legal standard applied to motions to dismiss or the legal elements of any of the plaintiff's claims. Indeed, the only legal argument that Saverson's response contains is a conclusory, unsupported claim that "[r]acial discrimination is not the purview of the RLA" and a similarly unelaborated assertion that the defendants conduct constitutes "a continuing violation." It is beyond well established that perfunctory and undeveloped arguments such as these are to be considered waived. *See United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006); *see also United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008) ("Because it is not the obligation of this Court to research and construct the legal arguments available to parties . . . , these [unsupported] arguments are waived and warrant no discussion."). Saverson has accordingly failed to offer any substantive response to the alleged deficiencies raised in the defendants' motion to dismiss, and has therefore waived his opposition to that motion. *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). The defendants' motion to dismiss is accordingly granted.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 2/15/2018